UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSE GUADALUPE IBARRA PRECIADO, | Case No. 2:25-cv-02561-TMC |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| LAURA HERMOSILLO, et al., | |
| Respondents. | |

## I.    INTRODUCTION AND BACKGROUND

Petitioner Jose Guadalupe Ibarra Preciado is an individual who is detained at the

Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma,

Washington on the charge that he is unlawfully present in the United States without admission or

parole. Dkt. 1 ¶¶ 49–50. He entered the United States in 2004 and resided in Washington state

before being apprehended by immigration officers on November 15, 2025. *Id.* ¶¶ 48–49. To date,

he has not received a custody redetermination hearing before an Immigration Judge ("IJ").

*Id.* ¶ 52; Dkt. 6 at 3.

On December 12, 2025, Ibarra Preciado filed a petition for a writ of habeas corpus

requiring Respondents to "release Petitioner or, in the alternative, provide Petitioner with a bond

hearing pursuant to 8 U.S.C. § 1226(a) within seven days." Dkt. 1. On December 15, the Court

issued an order to show cause directing Respondents to file a return to the habeas petition. Dkt. 4. On December 29, Federal Respondents filed a return. Dkt. 6. On January 3, 2026, Ibarra Preciado filed a traverse. Dkt. 7. The habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

### A.    Ibarra Preciado is a member of the *Rodriguez Vazquez* Bond Denial Class.

Ibarra Preciado argues that Respondents have unlawfully subjected him to mandatory detention consistent with their practice of treating every person who entered the United States without inspection as an "applicant for admission" who is "seeking admission" under 8 U.S.C. § 1225(b)(2). Dkt. 1 ¶¶ 24–43, 54–56. In *Rodriguez Vazquez v. Bostock*, this Court granted summary judgment to members of a certified Bond Denial Class, holding that their detention under § 1225(b)(2) was unlawful under the Immigration and Nationality Act ("INA"). --- F.Supp.3d ----, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *27 (W.D. Wash. Sept. 30, 2025). The Court defined the Bond Denial Class to include the following individuals:

> All noncitizens without lawful status detained at [NWIPC] who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Id.* at *6.

1    While Federal Respondents express their continued disagreement with *Rodriguez Vazquez*, they

2    do not dispute that Ibarra Preciado is a member of the Bond Denial Class for purposes of this

3    matter. Dkt. 6 at 3.

4         The Court incorporates the reasoning of *Rodriguez Vazquez* and concludes that Ibarra

5    Preciado, who resided in the United States for years before his apprehension by immigration

6    agents, is not "seeking admission" and thus cannot be subject to mandatory detention under

7    § 1225(b)(2). *See* No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *16–27. Instead, he is

8    subject to detention under § 1226(a), which permits release on bond. *Id.*

9         **B.    The Court declines to order Ibarra Preciado's immediate release.**

10        Federal Respondents argue that if the Court grants Ibarra Preciado's habeas petition, the

11   appropriate relief is to order that he be provided a bond hearing under § 1226(a). Dkt. 6 at 3. In

12   the traverse, Ibarra Preciado contends that due process mandates his immediate release. Dkt. 7 at

13   7–10. The Court concludes that a bond hearing is the appropriate relief at this time.

14        "In modern habeas practice, courts often 'employ a conditional order of release,' which

15   orders the government to release the petitioner unless it 'takes some remedial action' that

16   corrects" the government's violation of the law. *Cardozo v. Bostock*, No. 2:25-CV-00871-TMC,

17   2025 WL 2592275, at *2 (W.D. Wash. Sept. 8, 2025) (quoting *Harvest v. Castro*, 531 F.3d 737,

18   741–42 (9th Cir. 2008)). A conditional writ is the "typical relief granted" in a federal habeas

19   case. *Doe v. Garland*, 109 F.4th 1188, 1193 (9th Cir. 2024) (quoting *Herrera v. Collins*, 506

20   U.S. 390, 403 (1993)). After issuing a conditional writ, a district court retains jurisdiction to

21   ensure compliance with the writ and may order unconditional release if the government fails to

22   comply with the initial habeas order. *Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020).

23        The Court concludes that Ibarra Preciado's request for release is premature. Section 1226

24   requires only consideration of release on bond, and a bond hearing is therefore sufficient to

correct Respondents' ongoing violation of the INA as to Ibarra Preciado. *See* 8 U.S.C. § 1226(a).
If Respondents fail to comply with this order, Ibarra Preciado may seek further relief from the
Court at that time.

### C.    Any arguments related to Ibarra Preciado's pending application for a T Visa are not sufficiently developed.

In the habeas petition, Ibarra Preciado asserts that he "is the beneficiary of a pending T
visa as the victim of labor trafficking." Dkt. 1 ¶ 8. He then summarizes the policy concerns
behind the T visa program and historical federal guidance on prosecutorial discretion in removal
proceedings for T visa applicants, but he does not develop this argument further. *Id.* ¶¶ 44–47;
*see* Dkt. 7 at 10. Federal Respondents contend that any argument related to Ibarra Preciado's
status as a T Visa applicant is waived, and that his pending visa application does not affect the
lawfulness of his detention. Dkt. 6 at 4.

The Court agrees with Federal Respondents that Ibarra Preciado has not sufficiently
developed any arguments or claims related to his status as a T Visa applicant. The Court does not
decide whether Ibarra Preciado's pending visa application affects the lawfulness of his
discretionary detention under § 1226(a).

## IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.    The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2.    Within fourteen days of receiving Petitioner Jose Guadalupe Ibarra Preciado's
request for a bond hearing, Respondents must either release him or provide him a
bond hearing under 8 U.S.C. § 1226(a).

Any fee petition should be filed within the deadlines set by the Equal Access to Justice
Act, 28 U.S.C. § 2412.

1

2    Dated this 5th day of January, 2026.

3

4                                          Tiffany M. Cartwright
                                          United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 5